Before we start, I want to advise the parties, I didn't notice this until I was getting ready for this case, that Tara Kennedy, who was a law clerk of mine three years ago, I think, actually represented the city in the trial court. I don't view that as a problem. I just want to make sure that the plaintiffs do not view that as a problem. And then the other preliminary thing is to tell you that you each have 20 minutes. You do not need to take the whole 20 minutes, but I will ask the plaintiff if they'd like to reserve five of those minutes for rebuttal. And please keep your voices up because my law clerks at least are in the courtroom, so they want to hear what you have to say. All right, you may begin. Yes, and please give us your name before you begin. May it please the court, my name is Mark Weinberg, and I represent the plaintiff-appellant Todd Kooperman, who is in the courtroom. This case involves a simple parking ticket, and while the damages are small, $61.12, the issues are significant. They're certainly significant to everyone who parks in the City of Chicago, resident and non-resident alike. The essence of the case is this. Does the City's Street Cleaning Ordinance, Section 9-6440 of the City of Chicago's Municipal Code, give citizens fair notice as to when they're going to be ticketed during an occasion when the City undertakes a street cleaning? The plaintiff respectfully contends that the notice provisions of this ordinance are constitutionally deficient and violate due process of law. What does this law say? Under the law, no advance notice is required before a ticket is given. The law doesn't say that. That's how the ALJ interpreted it, but where do you get that language from in this ordinance? Well, the law certainly doesn't give any standard for when a ticket can be issued. It only says, and I quote, it shall be a violation of this section to park any vehicle on any street in violation of a sign posted. Well, you could read that to say that at the moment you park, the sign has to be posted. That's right, Your Honor. I guess if you, if, I would agree that it has to be posted before, notice has to be posted before the ticket is given, but that means it could be one minute or one second before. But I go back to the language of the ordinance. It says it's a violation to park any vehicle in violation of a sign posted. So you park, at the moment you park, arguably that's when the sign has to be posted, arguably. The violation is to park. At the moment you park, the sign has to be posted. Right. I guess you're reading park as a verb there, that you're actually parking. But, well, I think in this context it means the car is parked. The car is stationary. Maybe this isn't, but shouldn't it say to park or leave the vehicle there? What it says is it's subject to a fine to park or leave any vehicle there. I think it would probably read better if it said that, but they are giving tickets to people who leave the vehicle there. Right. So why is it a satisfied fair notice? Because the standard for fair notice under United States Supreme Court precedent is whether the measures taken are reasonably calculated to provide notice. So the issue with this ordinance is notice. Yes, Your Honor. So if the city administratively agreed that they would provide notice prior to ticketing, that solves the problem, correct? I don't believe it does, Your Honor. This law is standardless on its face, it seems to me, or at the very least it allows for one second before the parking sign is to be posted. So if you speak a lot about the city's website and the information provided there, so if the city on its website made it clear that they're going to post signs at a certain period of time, whether it's one hour before, whether it's three weeks before any street cleaning occurs, then it seems as though that would satisfy the notice requirement. I don't believe so, because I think that when a law and a regulation, if that's what you're suggesting a website would constitute, a regulation, and the law itself or the ordinance in question are in conflict, the law trumps it.  And so in this case, the law gives no standard. Perhaps the city's website might say that their objective is to post notice the previous day, but that's just aspirational. The law itself and the void for vagueness doctrine and the fair notice doctrine are all about the threat and the risk and the danger of a lack of fair notice. And this law has implicit in it a threat of unfair enforcement by virtue of the fact that discretion is built into it for the enforcement officials to post notice one second before they issue a ticket. What would be a reasonable amount of time, in your opinion? Well, of course, it's not our prerogative to decide, but the city itself has decided in the same ordinance that is at issue here, 964.40, that 24 hours is the appropriate notice to be given if a car is going to be towed. And so we think that the same notice should probably be given for the issuance of a ticket, and that's in subsection D of the same statute. But to follow up on what Judge Walker was saying, so if they never gave a ticket unless the notice was more than 24 hours, I mean, here we're talking about, we don't know how long the sign was up. We know it wasn't up 16 hours before. Correct. We do know that. But if they never gave a ticket when the notice wasn't more than 24 hours, does that make the law invalid? I don't think so, because when the case law speaks of the problems with the void for vagueness doctrine, it talks about the risk and the danger and the threat of enforcement in a way that allows for a lack of notice. It's embedded in this law that an official has the discretion. That in itself makes the law invalid. Whether an official wisely, you know, exercises his judgment and puts up these notices in a timely fashion is sort of irrelevant to the facial validity of this law. Isn't it our job to try to read this ordinance in a way that meets the constitutional standard? Absolutely, Your Honor, and the courts are encouraged to read a law in a constitutional manner that avoids constitutional violations. But in this case, because of the standard nature of this law, I don't think it is susceptible to being read in a constitutionally valid way. That is, there's a gap here. There's no guidance to an official as to how to enforce this law, when to put up notices. They can do it, as I said, one second before, 24 hours before. And because of the fact that there's a gap here, this court would actually have to rewrite the law. You would have to insert language in the law. In the situations where the courts find a law ambiguous and reinterpret it to make it constitutionally valid, that's when there's ambiguous language in the law and the court clarifies what the law means. You can see that in Flipside v. Village of Hoffman Estates, a case that the city relies on heavily. So, anyway, I don't think this is susceptible in the way that courts reinterpret laws to make them constitutional. Well, part of this ordinance is also the grounds for contesting a violation, correct? Correct. And one of those grounds are that the relevant signs prohibiting or restricting parking or standing were missing or obscured. Correct. So, arguably, the relevant signs are signs that provide reasonable notice, correct? That's what's relevant, reasonable notice, to the person affected. That would make that sign relevant. No one cares if the sign is there when the ticket is issued. We care if the sign is there at the time you are parking your car or reasonably could be expected to park your car. Correct. I think that I want to make sure I understand the question. Let's start at the beginning. This is part of the ordinance, right, the grounds for contesting the violation. Well, it's a different part. That comes under section 9-160. That's the seven codified offenses. Yeah. And we should read 964-040 together with 9-100-060 in understanding what's prohibited and what you can defend that ordinance violation. Okay, yes. If the signs were not posted, then you should... You have a defense. Yeah, you have a defense, yes. But only under the terms of the ordinance. Then the ordinance says signs only have to be posted before issuance of the ticket. And so in this case... It doesn't say before anywhere in either of these ordinances. That's what you're saying. Yeah, I guess to me that's how the city reads it. You're trying to interpret it unconstitutionally. I'm suggesting to you you're somewhat stretching it to make it as unconstitutional as you can. And I'm saying it's our job to make it as constitutional as we can. It's just like you're inserting the word before to make it unconstitutional. We have authority to insert the word proper notice to make it constitutional. I know I say that I'm inserting it before. No, you're just making it more incirculating. I guess because there is no standard in the whole ordinance. So I'm saying that implicit in that is that you can only give a ticket if it's issued with the notices before. That's the only standard that can possibly run this ordinance. And so what if everybody in the courtroom said they agree with you? That there's got to be notice? That... So if the city agrees that we're going to provide notice administratively, you don't get to an unconstitutional ordinance, do you? Yes, you do, because the constitutional is still facially invalid. You don't get a pass by passing an unconstitutional ordinance and then a regulation that conflicts with that ordinance. In this case, there's no standard. If they... And that's what the law says. You can't... I don't know how to put the four in it, but let's just say it's standardless. And then they pass a law that says you have to put 24-hour notice in. All that's going to do is confuse somebody, and it makes this law contradictory, because on the one hand, the law says one thing, the regulation says something else, and the person doesn't know what to believe. So anyway, I wanted to go through the heart of this case, which is that is this law reasonably calculated to give fair notice to somebody? And I would suggest the answer is no. And the reason is fivefold. First of all, this law allows you to post as written. The law allows you to post a, it seems to me, notice one second before issuing a ticket. This leaves people in the dark about, you know, where and when they can park, because they can always get a ticket if they leave their car in the morning at a certain location. Now, in response to that, the city says, oh, but we post notice on the website, on the streets and sanitation websites, and we post the notice of when these street cleaners are going to occur in the audience offices. And I would say that it is unreasonable to expect people to look at their website and look at or go to their item of office to find out when parking is permissible. But it wouldn't stop there, because the city has already agreed that signs will be posted. The issue that you're having is whether or not the signs are posted at 10 a.m. Your client may have parked his car at 9.30 a.m. and signs posted at 10 a.m. He gets a ticket at 10.05 a.m. That's really your concern. Correct. So signs are still being posted. Now you're making an argument as if signs were only posted on the website in the audience office or maybe two blocks away, saying there's going to be street cleaning on Halston and Belmont next week. Correct. The city does say that signs will be posted, but the city stands by that they can post a sign one second before. Right. So that's really the issue, is whether or not the city needs to give reasonable notice. And, again, if the city administratively agrees to give reasonable notice, I ask you again, do we still have an unconstitutional ordinance? Yeah, I believe we do, because I think if the ordinance conflicts with the statute, and the statute here is standard. So I would say that the statute provides for notice, though. The statute says that there's no time frame. That's right. So, again, that's what I'm saying. So the notice element is there. The only issue is the time frame. Right. So you've been arguing as if there's no notice. I guess I'm arguing for reasonable notice. And this statute doesn't, because it's standard, doesn't provide reasonable notice. And I would say that a regulation wouldn't correct that. Like if there was a law that said you can't speak in a public way, ever, and then there was a regulation that said, oh, well, you can if you're, you know, speaking about political things. Like, no, the ordinance is facially invalid. It doesn't matter that there's a regulation that corrects it. They actually conflict, and that is confusing and problematic. I wanted to talk about the website issue. If you want to save time for rebuttal. I would like to say, thank you, Your Honor. I'll save five minutes for rebuttal. Let me just ask one question. They say that, are you just sticking with the facially as opposed to the as applied? Yes, basically, Your Honor. I think the two are, if this ordinance is facially valid and is allowed, and you're allowed to post notice one second before, then the as applied challenge falls by the wayside. Our basic claim is that this is facially invalid because of the standard nature of the notice requirement. Thanks. Please give us your name. Ellen McLaughlin on behalf of the city of Chicago. I'll begin with just a little bit of housekeeping. First of all, it's established that Mr. Paperman violated the city's street sweeping ordinance by parking in violation of a temporary parking restriction sign. The hearing officer found that the facts established a violation. Mr. Paperman does not argue that that finding was against the manifest weight of the evidence. And it is not. Therefore, count one of this complaint, which is an administrative review claim, should be affirmed. This court should affirm the decision. You have me so confused because in your motion that you filed early in this case, which we're not bound by the ruling made by a different panel of this court, by the way, you say, yeah, that is a defense, what he tried to raise in the administrative hearing. And the administrative judge should have accepted it. And reverse. Reverse the evidence. And he said, well, they're changing their mind. And now you're changing your mind again. But why? Why is that not a defense? Why is it not a defense to say that the relevant signs prohibiting or restricting parking were missing at the moment I parked my car, which was only 16 hours before I got a ticket? Why is that not a defense? It's not a defense to the ordinance because the ordinance requires that the car be parked in violation of the sign. There was no sign at the time you parked. There was no sign at the time you parked. That's undisputed. No sign when you parked. That's not undisputed. Yes, he testified and no one testified to the contrary. When I parked my car at 6 p.m., there was no sign. All right. Let me, I think there are a couple points in response. To be clear, the hearing officer did not make factual findings as to when the sign was posted. But there was only one person who justified him. That was him. And he said at 6 p.m. when I parked my car, there was no sign. That is a given. He did say that. Yes. No testimony to the contrary. The city could have brought in a person to say when the sign was there. He didn't. I mean, in your briefs, you put it on him. He should have. But the city could have, too, if the sign was there. The city could have. There are records that bear on that. And we all agree that it's the manifest way of the evidence. So the evidence clearly points. And the only evidence you have is that there was no sign at 6 p.m. the day before. And that evidence is unrebutted. So it would be against the manifest way of the evidence. Let me begin with the language of the ordinance, then. Well, wait a second. We're going to get to the language of the ordinance in a minute. Okay. The real issue is the day before. At 6 p.m., there were no signs. That's the testimony from the hearing. That is Mr. Cookman's testimony. The hearing officer may have found that the ticket was a promulgation case, that there was a sign posted at the time the ticket was issued. So the hearing officer made a different finding from the finding that would probably be needed when we get to the notice report. So now you can go on. The hearing officer, as you have stated, concluded that there was a notice, there was a sign posted at the time the citation was issued. There was also a car parked at that location. That's what she's been talking about the whole time, is this whole thing about at the time the citation is issued is not really the issue. I think she's kind of arguing, not arguing, but discussing with counsel a little bit about how the real issue is at the time that the car was parked. Now, by that interpretation of the ordinance, I could park a car and leave it on the street for a month. I would have parked my car, say, on October 1st. Let's say I leave it, I leave town. Okay. We get that. But what about you post a sign, you give a ticket? Post a sign, give a ticket. Post a sign, give a ticket. Is that okay? No. So the question is, what's the relevant? Because that is the word of the ordinance, the relevant signs. And it seems to me relevant means reasonable notice. And there was no showing by the city that there was reasonable notice at the time these signs were posted. There's been no finding that there wasn't, Mr. Cooperman. Yeah, there is. Because the only testimony was Mr. Cooperman at 6 p.m., 16 hours before this violation, no sign was posted. I don't think that we think, or even you think, that that's reasonable. Mr. Cooperman doesn't even argue that 16 hours isn't reasonable notice. He's only bringing a facial challenge, as he's just explained. He said, I didn't have notice when I parked my car. In his briefing to this court. And he's also arguing the statute doesn't require notice. That's why he didn't get any notice, because the city is willing to stand by the statute. As the hearing officer said, well, I wanted to quote the hearing officer exactly what she said, was that you may think it's unfair, but it's the law, sir. The issue is whether the sign was posted when the ticket was issued on the day of the violation. Now, I want to pick out two different issues here. Because it is possible that the hearing officer both correctly applies the law, and the hearing officer does not decide when notice is required, because that is not the issue before the hearing officer. The hearing officer's job at that administrative hearing is to decide whether the facts of this situation establish an ordinance violation, not to decide whether notice is sufficient to comply with due process. Of course, that claim is not before her. So, in determining whether the ordinance is established, she looks at, was a sign posted? Was the car parked in violation of the sign? Those things are both present in this situation, and therefore the violation is established. Mr. Kuperman does not argue that that is against the manifest way of the evidence. Indeed, he is not, he's actually acknowledged that a violation did exist. As you know, to Justice Mikva, we did attempt to remand the case, because it wasn't clear that the hearing officer understood what Mr. Kuperman was arguing. He conceded, no, there's a violation here. I want to go forward on my facial challenge. And so, our position is that because he hasn't challenged that decision as against the manifest way of the evidence, that decision should be affirmed. He does not argue that it was an error at this point. Thus, any challenge to it now, I think, is waived. But as to the issue of whether there was sufficient notice, that is a different issue than whether or not there's a violation of the ordinance. Well, again, I say to you what I said to his lawyer. Isn't it our job to try to read this ordinance in accordance with constitutional requirements? It is. And I think you can pretty much tell we all think that those include some kind of reasonable notice, that it is not constitutionally okay to go sign, ticket, sign, ticket, sign, ticket. That's not okay. That's not constitutional. So if there's a way to read it that prohibits that, why shouldn't we do that? You should. And that is, it is your job to read it in a way that's consistent with. A reasonable notice should be posted, what? Of course, three weeks would be unreasonable, but you just said that someone could post part of their practical obligation. Well, what about five minutes? Is that still not reasonable notice? It depends. Five minutes could be reasonable notice? If I'm sitting in the car and I see the sign go up, then I'm not prejudiced by that and I haven't suffered a due process violation. Okay. So then are you saying actual notice has to be given for it to be constitutional? No. So what are you saying? I'm saying that reasonable notice is a fact-specific inquiry, and it depends on the circumstances. That doesn't give anybody very much guidance. It gives them an opportunity to raise an as-applied due process challenge if they have not received reasonable notice in the facts of their case. Mr. Cooperman did not do that. He is pressing forward with a facial challenge. In fact, he procedurally defaulted and now has waived his as-applied challenge. But if we have a situation where we have a parking restriction created and a ticket issued one second later, as counsel suggests could happen, then that might be a situation where we would have an as-applied due process claim, and you could bring that challenge. Let's swing the continuum to something that we can all understand. What is reasonable notice? How much time? Counsel suggested it should be 24 hours because that's what's required in order to tow a vehicle. Does that sound reasonable to you? I would – I don't think that 24 hours necessarily is required. As I said, there are situations where less than 24 hours would be constitutional. My question is would that be reasonable notice? It certainly would be reasonable. I don't think it's the – there's a constitutional mandate of 24 hours. And I am not – You don't want it to be actual notice. You've said that, right? It need not be actual notice. So it need not be actual. So how do you – you have to come up with something that's reasonable. It can't be as-applied because as-applied is going to look to whether you've got actual notice. How else do you do as-applied? You would do as-applied based on the circumstances. Were you as far as for me it's 24 hours because you're younger? What? Well, it's reasonable. I don't get it. I think it can't be – depend on the circumstances. But I think it does because – and I'm going to talk about the notice cases. I think that could illustrate why it depends on the circumstances. The counsel is facing a facial challenge. So as we were able to – I'm not sure we at all agree with you that he's waived his as-applied challenge. So, however, just don't take that as a given. I'd like to return to the point of the as-applied challenge. Let me just – No, no. I'm sorry. I don't mean to keep – but I think I'd like you to answer Justice Walker's question, which is what is reasonable? So to – notice is – it's a due process issue. And it's necessarily fact-specific. Now, we might agree that generally a 24-hours notice would be constitutionally adequate. But there could be circumstances, as when someone's gone on their website and looked at the street sweeping schedule, when less than 24-hours notice would be constitutionally adequate in that circumstance. And the reason that the case law supports that case-by-case inquiry is that in these notice cases – so counsel cited cases like Moraine, Lambert, an Illinois appellate case called Crystal Lake v. Cunningham. Each of those are as-applied cases. These are not cases in which an ordinance or statute was deemed facially unconstitutional for lack of sufficient notice. In each of those cases, notice was deemed inadequate as to the situation of a particular litigant or set of litigants. As to other people, notice – the exact same notice was sufficient. The Moraine case illustrates that, stating that publication notice was insufficient as to certain plaintiffs, insufficient as to other plaintiffs. And so these cases all support the fact-intensive nature of a notice due process inquiry. It lends itself, while not as-applied challenge, but not so to a facial challenge, because a facial challenge, as you know, requires that there be no set of circumstances under which an ordinance can be constitutionally applied. And as Justice McClain noted, it is the court's duty to affirm the constitutionality of a law if it's reasonably susceptible to that determination. As we know here, there are many, many circumstances in which this ordinance is constitutionally applied. Counsel has even conceded that the city does provide adequate notice. And so, for that reason alone, a facial challenge has to fail. And furthermore, as to the idea that an ordinance would be facially invalid because the notice provision isn't set out explicitly in the text, that's not required under the law. It's not required under any of the notice cases that Mr. Kuperman has cited. And, in fact, the authority is to the contrary. So the principles that you should follow would be that, first of all, again, if the law is susceptible to a constitutional interpretation, the court should affirm its constitutionality. That comes from Napleton, but that's a well-established principle. Here, the ordinance is susceptible to a constitutional interpretation. As Justice Walker indicated, it's quite simple to read the ordinance with a provision that says, and the notice must be reasonable. And that is something that you're permitted to do, and that's something that's appropriate to do here. I can give you an example of a case in which they... So what is reasonable, and did Mr. Kuperman get reasonable notice? He got, even if we accept his testimony as the facts, of course, and I, again... There are disputed testimonies. There are factual findings on that issue. He got 16 hours' notice. He claims he didn't want to check in the morning, but he had 60, at least, he may have had 16 hours' notice. We don't know when the sign went up. Also, he had the ability to check other places in order to find out when the street sweeping restrictions were. So, you know... You do think that's adequate, but if this court disagrees that that's adequate, that would give rise to an as-applied claim, not a facial challenge. And I think that's important. That would only allow him to prevail on an as-applied claim. Whether the ordinance is facially constitutional would be a completely different issue, and it would require this court to find that there's no possible constitutional application of the ordinance. And I want to go back to that as-applied claim, because... That's actually correct when you say he received 16 hours' notice. You're not... I'm not sure that's correct. We don't know. Okay, well, yeah, that's correct, that you don't know. There is no record. There's testimony that he wasn't there at 6. There is his testimony. Now, that's all we really know is that he was not there at 6. Let me speak for a few moments about the as-applied claim. Because it is not a claim that the court should entertain, there's two reasons for that. First of all, it was procedurally defaulted because it wasn't presented at the administrative hearing. I mean, I thought the testimony was that he didn't have reasonable notice because at 6 o'clock it wasn't there, so it was being raised. I mean, I don't know if the word constitution has to be used. The word constitution and the word due process were certainly not used. He did not bring a due process challenge. He didn't raise that claim. He did say I didn't get notice. He said I don't think that's fair. But everybody at an administrative hearing, they were all saying I don't think it's fair because I didn't get notice. That's what he said. He didn't say, oh, well, that parking's not here. Individuals aren't expected to use constitutional language when they come into the hearing. When they say this is not fair, that's what they're saying. They're saying that this violates something. Maybe they can't say it violates the constitution, but when he says this is not fair, that's exactly what he's saying. This is violating something. I can't articulate what it's violating, but it's just not fair. Do you know how many seniors get home from work at 5 o'clock and they do not go back out of their homes? I know many of them. I'm one of them sometimes. I mean, so it makes no sense to say that the son doesn't need to be posted at 6 o'clock when he parks his car, but yet it's okay to post it at 9 o'clock in the morning and then it's just ridiculous. Post sign, take it, sign, take it. It should become a record. Of course, we don't know on the sign or not. It may have gone up at 6 o'clock. We don't have a record on that. No record was created at DIRH, and therefore, so our position is that there simply isn't a record available to review that claim, which is, of course, the purpose behind the procedural default rule is that DIRH is where the record should be created. The record is not created at the circuit court because it's a court of reviewer. Here, we don't have a record to review, and therefore, the procedural default should be enforced. But besides the fact that Mr. Cooperman did say it's not fair, which equals due process sort of to the layperson's argument, didn't our Supreme Court also make clear in ARVIA that where the scope of the review and the administrative hearing is specifically limited, as it is in this hearing, that you can't have a waiver of a due process or constitutional violation. That is the law. ARVIA is a facial change, and in ARVIA, which was – ARVIA is distinguishable from this case. In ARVIA, the state actually conceded before the circuit court that there were no unresolved factual issues that would remain to the plaintiff's claim. The city has not made that kind of concession here. There, it was simply that the plaintiff refused to take a breathalyzer, his license was suspended, the ordinance was challenged merely on its face, not as applied. And in ARVIA, they specifically distinguished between a facial challenge, which presents an entirely legal question, and an as-applied challenge, which requires fact-finding by the agency in order to create the record. So because ARVIA specifically dealt with a facial challenge, that does not support the argument that an as-applied challenge would not be procedurally defaulted and not raised with the agency. But isn't it correct that the hearing officers at the Department of Administrative Hearings do not rule on constitutional challenges? They do not rule on constitutional challenges. And actually, the Supreme Court, in at least three cases, has explained that even though the hearing officer does not have the authority to decide a constitutional challenge, it still has to be raised, or it's defaulted. And in our brief, we cite Sinclair's court that ran in Texas City, which I stand for that proposition. So even if this court is not inclined to enforce a procedural default, it is still the case that plaintiff is waived an as-applied challenge, because it was not briefed to this court. As you know, a claim has to be presented in an opening brief, or it's waived. And although Mr. Cooperman makes an argument in his brief that he didn't default his claim, he never makes a merits argument on an as-applied claim. He doesn't do that in his opening brief, in his reply brief, and he didn't do it today before this panel. And so for that reason as well, that as-applied argument should be deemed waived. And again, counsel, I believe, said he's just pressing a facial challenge. And so it seems that that is the only claim that they have interest in pursuing. Therefore, neither the count one, the administrative review count, or the as-applied claim are really presented properly before this court. Thank you. I just want to go back briefly to the facial challenge and reiterate that this ordinance is an ordinance that's susceptible to a constitutional interpretation. There's nothing in the text of this ordinance that would conflict with due process requirements. The requirement that there be sufficient notice is something that doesn't come in this ordinance. Of course, it comes from the constitutions of the U.S. and the state of Illinois. And the city agrees that it has to provide reasonable notice as a requirement of due process. So as you said, we all agree that notice has to be given, that notice has to be reasonable. But nothing in this ordinance conflicts with the provision of reasonable notice. Where an ordinance is, does not, where nothing in the ordinance prevents it from being constitutionally implemented and where it's clear that to read it in a way that's constitutional would not be against the legislature's intent, this court can give it that reading. Which means we need to find that the ordinance requires reasonable notice. And I don't think that, yes, I don't think that you need to say 24 hours. I don't think you need to say 17 or 52 hours. I think that you could say this, to be consistent with the requirements of the constitutions, this ordinance must be implemented in such a way that reasonable notice is provided. And we can read it in that way. I'll give you an example of a case in which the Supreme Court did that. It's People v. 1-1998-GNC. We cite it in our abuse, but I would direct you to paragraph 52 of that case. At that point, they're discussing a claim by the plaintiff that the statute didn't include a deadline for a forfeiture hearing after a vehicle was seized. And the state court states, So it's just an example of the Supreme Court doing exactly what you suggested the court should do, which is when perhaps there are some words absent that would be required by constitutional due process mandates, that the court can read those into the ordinance. And so certainly we're not arguing that we don't have to comply with the due process clauses. We're simply arguing that it doesn't have to be explicitly set out in the text for us to do so. What about if a person who parked, a defendant, Oh, could they raise a defense then that it wasn't reasonable notice? And is that one of the seven things that they could raise as defenses by the ordinance? If I, let's say, I parked my car and I checked it at 8 a.m. and then I get a ticket at 9.30. Not that, and I'm not saying this is something that happens. But let's, just for our hypothetical sake, let's say that happened. And I thought, I don't think that was sufficient notice. Now, I wouldn't have a defense to the violation because that is not one of the enumerated defenses. And the facts would show violation because I did have a car parked in violation of a sign. But what I could do is wait and say, in this situation, as applied to me, I think that violates my due process rights. And that would be my challenge. That would be my route to avoiding the citation, potentially. And in that case, the hearing officer would find liability and they would then have to deal with it in the circuit court. Exactly. I would go, I would say, okay, I'm found liable, but I think this violates due process. And the circuit court would still say, that's not fair. Well, I mean, ideally, then the person in that situation, maybe they say that's not fair, but they say, that violates my due process rights. And maybe they request a finding. Maybe they ask for some evidence from the city. And they try to establish a record showing that the notice was insufficient. And then that record goes to the circuit court. And the circuit court then could say, city, you violated this person's due process rights or not, depending on the facts of that particular case. All right. I think unless anybody has any more questions, we've used your time. Thank you. Thank you. Mr. Weinberg. Thank you. Just four points, Your Honors. First, the counsel has argued that due process is necessarily fact specific and that you can't make a facial challenge here. And I would respectfully disagree and that that is at odds with an abundant amount of Supreme Court precedent. And I would, in particular, point to the Morales v. City of Chicago case, the exact site. Did everybody have a job? You have a site. In that case, the Supreme Court found Chicago's gang murdering ordinance unconstitutionally vague on its face. And Justice Breyer, in that opinion, said something which is perfectly applicable to the case at hand. And that is when an ordinance or statute gives excessive discretion, it doesn't matter if it's wisely enforced, it is unconstitutional. Here is what he said in particular about the gang murdering ordinance. The ordinance is unconstitutional not because the policeman applied the discretion wisely or poorly in a particular case, but rather because the policeman enjoys too much discretion in every case. And if every application of the ordinance represents an exercise of unlimited discretion, then the ordinance is invalid in all of its applications. And, indeed, the Supreme Court found it facially invalid. Secondly, the counsel argues that this ordinance is susceptible to a constitutionally valid interpretation. And, as I argued initially, I don't think it is because you have to insert words into this, not make sense of ambiguous language, but actually address the gaping hole here in the ordinance. It's gaping, especially in light of the fact that two paragraphs later, the City of Chicago does impose a 24-hour requirement to toll. And so you would have to fit in words that the city did not put in, in order to make this a constitutionally valid construction of the ordinance. Third, counsel suggests that we waived our as-applied challenge. I would just like to emphasize that in response to Your Honor's question, I didn't mean to waive our as-applied challenge. I did mean to suggest that the as-applied and the facial challenge are inextricably linked in this matter. And, fourth, I would just conclude by saying due process is required in every law. Fair notice is what due process requires. Fair notice requires that the procedures to give notice be reasonably calculated to provide such notice. And in here, because of the vast discretion given in the law, and that an enforcement officer is allowed to post a ticket one second before issuing the ticket, there is no reasonably calculated fair notice here. I urge this Court to overrule the old court, remand the case with guidance as to the constitutionality of this law. I would ask one more question. What in your mind is the practical difference between construing this ordinance to require proper notice and striking it down for the lack of proper notice? If I understand Your Honor's question, you mean if you inserted this idea that there has to be reasonable notice? We read this statute, ordinance, not a statute, but read this ordinance as requiring notice, and notice to include signs that were posted a reasonable time in advance of a ticket being issued. What's the difference between that and striking down the ordinance from a practical standpoint? I don't, I guess the language of this ordinance has to require a reasonable notice, it does. The constitution requires that. The problem is it doesn't have that. I don't think implicitly reading into it or putting in the language must be reason to solve the problem. It does have a notice requirement. One second requirement. But it just doesn't say that the notice has to be reasonable, so that's what courts do. Courts interpret statutes. If this court were to interpret the statute to require a reasonable notice and even state what that notice is, I'm asking would the ordinance still be unconstitutional because it would just simply be what this country has done for the last 200 years. It's common law. I would suggest that it would not be unconstitutional, and that's because the Void For Vagueness Doctrine has two objectives. One, and this is common knowledge and it's written in every Void For Vagueness case, it's supposed to give fair notice to people so that they can avoid engaging in prohibited conduct. And two, it's supposed to give notice to officials who are exercising their discretion. And just assuming that and just saying that it has to give reasonable notice doesn't provide the proper discretion to enforcement officials. They still have the opportunity. Maybe what we need to do is what you suggested. I don't know, and I have no idea what we're going to do, but maybe that's what we need to do. Maybe we need to say that it requires the 24-hour notice that you suggested that's actually required in order to tow a vehicle, that maybe it should also be 24 hours to ticket a vehicle. I'm asking. I don't think the court has to go that far. Tell us what we need to do. You have to strike this ordinance as unconstitutional, and it's up to the city to actually create a valid constitutional law, which they did in subsection D of this ordinance by appointing a 24-hour notice. If they want to suggest that a 12-hour notice is constitutionally sufficient, maybe we'll be back here in a couple of years. But as the city has already argued that this court, and I think all the justices here kind of said that at one point in time or another, that the court has a right to interpret the ordinance in a way that makes it constitutional. I mean, we're required to do that if we can. If possible. I'm suggesting the law in the chair is missing to do that. You're saying that it's impossible. It's impossible. Okay. Thank you, Your Honor. Thank you. We will take this matter under advisement, and you will hear from us in due course. Thank you both all very much. The briefs were really interesting, and the briefs were really quite good. Thank you. We're in recess.